**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 21-2088 _____        _____ Caption [use short title] _____

**Motion for:** Stay of this Court's Mandate _____

Relevent Sports, LLC v. United States Soccer Federation, Inc., et al.

_____

_____

Set forth below precise, complete statement of relief sought:

Appellee U.S. Soccer Federation seeks an order staying

this Court's mandate pending the timely filing of a petition

for certiorari and continuing until such time as the Supreme

Court finally disposes of the petition.

_____

_____

**MOVING PARTY:** United States Soccer Federation, Inc. ___        **OPPOSING PARTY:** Relevent Sports, LLC _____

- [ ] Plaintiff         [✔] Defendant
- [ ] Appellant/Petitioner         [✔] Appellee/Respondent

**MOVING ATTORNEY:** Gregory G. Garre _____        **OPPOSING ATTORNEY:** Jeffrey L. Kessler _____

[name of attorney, with firm, address, phone number and e-mail]

Latham & Watkins LLP _____

Winston & Strawn LLP _____

555 Eleventh Street, NW, Washington, DC 20004-1304

200 Park Avenue, New York, NY 10166

(202) 637-2207; gregory.garre@lw.com _____

(212) 294-6700; jkessler@winston.com _____

Court- Judge/ Agency appealed from: SDNY, Judge Valerie Caproni _____

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):

[✔] Yes    [ ] No (explain): _____

_____

Opposing counsel's position on motion:

[ ] Unopposed  [✔] Opposed  [ ] Don't Know

Does opposing counsel intend to file a response:

[✔] Yes    [ ] No    [ ] Don't Know

Is oral argument on motion requested?    [ ] Yes  [✔] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    [✔] Yes  [ ] No  If yes, enter date: Argument has occurred and an opinion has been issued.

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has this request for relief been made below?    [ ] Yes  [ ] No

Has this relief been previously sought in this court?    [ ] Yes  [ ] No

Requested return date and explanation of emergency: _____

_____

_____

_____

_____

**Signature of Moving Attorney:**

/s/ Gregory G. Garre _____    **Date:** 5/12/2023 ___    Service by: [✔] CM/ECF    [ ] Other [Attach proof of service]

**Form T-1080** (rev.12-13)

# No. 21-2088

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

RELEVENT SPORTS, LLC,

*Plaintiff-Appellant*,

*v.*

UNITED STATES SOCCER FEDERATION, INC.,
FÉDÉRATION INTERNATIONALE DE FOOTBALL ASSOCIATION,

*Defendants-Appellees*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## MOTION TO STAY THE MANDATE

Christopher S. Yates
Aaron T. Chiu
Elizabeth H. Yandell
LATHAM & WATKINS LLP
505 Montgomery Street
San Francisco, CA 94111
(415) 391-0600

Gregory G. Garre
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2207

Lawrence E. Buterman
Samir Deger-Sen
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

*Counsel for Defendant-Appellee United States Soccer Federation, Inc.*

**TABLE OF CONTENTS**

**Page**

INTRODUCTORY STATEMENT ..................................................................1

BACKGROUND ........................................................................................2

ARGUMENT ...........................................................................................4

I.  U.S. SOCCER'S FORTHCOMING PETITION WILL PRESENT A SUBSTANTIAL QUESTION OF LAW...................................................4

II.  GOOD CAUSE EXISTS FOR A STAY........................................................7

CONCLUSION .........................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................................7

*In re Insurance Brokerage Antitrust Litigation*,
618 F.3d 300 (3d Cir. 2010) ..............................................................................6

*Kendall v. Visa U.S.A., Inc.*,
518 F.3d 1042 (9th Cir. 2008) ...........................................................................6

*Monsanto Co. v. Spray-Rite Service Corp.*,
465 U.S. 752 (1984)............................................................................................5

*Osborn v. Visa Inc.*,
797 F.3d 1057 (D.C. Cir. 2015) .........................................................................6

*SD3, LLC v. Black & Decker (U.S.) Inc.*,
801 F.3d 412 (4th Cir. 2015) .............................................................................6

*United States v. Silver*,
954 F.3d 455 (2d Cir. 2020) ...............................................................................4

*Visa Inc. v. Osborn*,
137 S. Ct. 289 (2016)......................................................................................2, 7

*Visa Inc. v. Osborn*,
579 U.S. 940 (2016)........................................................................................2, 5

## OTHER AUTHORITIES

Fed. R. App. P. 41(b) ..............................................................................................1

Fed. R. App. P. 41(d)(1)...................................................................................1, 2, 4

Fed. R. App. P. 41(d)(2)(B) ....................................................................................1

*Visa, Inc. v. Osborn*, SCOTUSblog,
https://www.scotusblog.com/casefiles/cases/visa-inc-v-osborn/
(last visited May 11, 2023) .................................................................................7

ii

**INTRODUCTORY STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 41(d)(1)-(2), Defendant-Appellee United States Soccer Federation, Inc., ("U.S. Soccer") respectfully requests that this Court stay its mandate in this matter pending the filing and disposition of a petition for a writ of certiorari in the U.S. Supreme Court in this case. This Court issued its opinion on March 7, 2023, ECF No. 127, and denied U.S. Soccer's timely petition for panel rehearing or rehearing en banc on May 8, 2023, ECF No. 155. The mandate is scheduled to issue on May 15, 2023. *See* Fed. R. App. P. 41(b). U.S. Soccer respectfully requests that the mandate be stayed pending the timely filing of a petition for certiorari until such time as the Supreme Court finally disposes of the petition. A stay is warranted because, at a minimum, this case presents a "substantial question" for the Supreme Court's consideration and "there is good cause for a stay." *See* Fed. R. App. P. 41(d)(1), (2)(B).[1]

The question of whether, and under what circumstances, an allegation that an association has promulgated a rule in violation of Section 1 of the Sherman Act is sufficient, on its own, to plausibly plead concerted action by the association's members has not only generated a circuit split, but also already has drawn the

---

[1] U.S. Soccer has notified all counsel of its intention to file this motion. Counsel for Plaintiff-Appellant Relevent Sports, LLC has indicated that Relevent opposes the motion. U.S. Soccer believes that Relevent plans to file a response. Local R. 27.1(b).

attention of the Supreme Court.  The Supreme Court granted review to address this question and resolve the circuit split in *Visa Inc. v. Osborn*, 579 U.S. 940 (2016); Cert. Pet. 11-19, *Visa Inc. v. Osborn*, 137 S. Ct. 289 (2016) (No. 15-961), 2016 WL 369962, but was ultimately unable to do so, *Visa Inc. v. Osborn*, 137 S. Ct. 289, 289-90 (2016) (dismissing writ as improvidently granted because "petitioners 'chose to rely on a different argument' in their merits briefing" (citation omitted)).

There also is good cause for staying the mandate.  Fed. R. App. P. 41(d)(1).  If the Supreme Court grants certiorari, its resolution of this issue could potentially end this case without any further proceedings on remand.  Conversely, in the absence of a stay, the parties and the district court would be forced to devote substantial resources to further adjudication of this case, including discovery.  In addition, the timely filing of a petition for certiorari would permit the Supreme Court to dispose of the petition in the fall of 2023.  In the event the Court denies certiorari, the stay would result in only a relatively brief pause in the litigation.  Either way, there is good cause to stay the mandate so that the Supreme Court may consider whether to grant review of the threshold question presented.

## BACKGROUND

As the panel well knows, this case involves allegations of a far-reaching conspiracy to violate the Section 1 of the Sherman Antitrust Act among Defendant Fédération Internationale De Football Association ("FIFA"), a membership

association that governs global soccer; U.S. Soccer and the 210 other national associations that belong to FIFA; and men's professional soccer leagues and teams around the world. According to Plaintiff Relevent Sports, LLC ("Relevent"), "leagues and teams have agreed, along with their respective FIFA-affiliated '[n]ational [a]ssociations,' to adhere to the FIFA rules and policies establishing and enforcing [a] horizontal market division agreement" to limit the play of official season men's professional soccer games outside of a league's home country. A494. The District Court dismissed Relevent's Amended Complaint with prejudice, concluding that Relevent failed to plausibly allege concerted action, a threshold requirement for pleading a claim under Section 1. Relevent appealed.

On March 7, 2023, this Court vacated the district court's decision. The Court held that "Relevent directly challenge[d] [a] 2018 [p]olicy" related to the staging of official season men's professional soccer games "as anticompetitive" and that "the very promulgation of the 2018 [p]olicy is direct evidence of an agreement for purposes of Section 1 of the Sherman Act" among every national association, league, and team that allegedly agreed in advance to adhere to FIFA's rules. Op. 25; *see id.* at 4, 20. According to the Court, "[n]o further allegation of an agreement is necessary." *Id.* at 4. It does not matter, the Court stated, that "leagues and teams are not members of FIFA, and that the national associations that are members of FIFA are not competitors," because Relevent alleged that "the FIFA Council's decisions

3

bind the various national associations, which in turn bind their respective leagues and teams." *Id.* at 23.

U.S. Soccer petitioned for panel rehearing and rehearing en banc, arguing, among other things, that this Court's decision deepened a circuit split on the question of whether alleging the promulgation of an association rule that violates Section 1 of the Sherman Act alone establishes that association members who previously agreed to abide by association rules engaged in the requisite concerted action. This Court denied U.S. Soccer's rehearing petition on May 8, 2023.

## ARGUMENT

To obtain a stay of the mandate pending filing and disposition of a petition for certiorari to the U.S. Supreme Court, a movant must show (1) that the petition "would present a substantial question," and (2) that "there is good cause for a stay." Fed. R. App. P. 41(d)(1); *United States v. Silver*, 954 F.3d 455, 457 (2d Cir. 2020). Respectfully, both of those requirements are satisfied here.

## I.   U.S. SOCCER'S FORTHCOMING PETITION WILL PRESENT A SUBSTANTIAL QUESTION OF LAW

While U.S. Soccer appreciates that this Court has reached a different conclusion on the proper resolution of the threshold pleading question presented by this case, that question is at the very least "substantial."

To plead concerted action under Section 1 of the Sherman Act, a plaintiff must allege that a defendant, in an individual capacity, has displayed "a conscious

commitment to a common scheme designed to achieve an unlawful objective."
*Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 768 (1984). The issue here
is whether a plaintiff plausibly pleads that an individual association member engages
in concerted action based only on that member's prior agreement to abide by an
association's rules and the association's subsequent promulgation of a policy. The
Court's decision in this case holds that such allegations are sufficient. Op. 4, 20, 25.
That decision aligns with the position of the D.C. Circuit, but conflicts with the
decisions of the Third, Fourth, and Ninth Circuits. In *Visa Inc. v. Osborn*, 579 U.S.
940 (2016), the Supreme Court granted certiorari to settle this question, but was
unable to do so. Because U.S. Soccer's petition will present the same undeniably
important question, it will at least present a "substantial question."

The Court's decision here holds that because national associations, leagues,
and teams "agreed to abide by the will of the association" when they joined FIFA,
"[t]he promulgation of" a FIFA policy "sufficiently demonstrates concerted action,"
Op. 20, and "[n]o further allegation of an agreement is necessary," *id.* at 4. In *Visa
Inc. v. Osborn*, the petitioners identified—and the Supreme Court agreed to
review—a circuit split on the same question. Cert. Pet. i, 11-19, *Visa Inc. v. Osborn*,
137 S. Ct. 289 (2016) (No. 15-961), 2016 WL 369962 (seeking review of "[w]hether
allegations that members of a business association agreed to adhere to the
association's rules and possess governance rights in the association, without more,

are sufficient to plead the element of conspiracy in violation of Section 1 of the Sherman Act"). The Court's decision adds to this existing circuit split.

On one side, the Third, Fourth, and Ninth Circuits have held that a defendant's association membership and the association's promulgation of a policy is insufficient to plead a defendant's participation in concerted action. *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008); *In re Insurance Brokerage Antitrust Litig.*, 618 F.3d 300, 349-50 (3d Cir. 2010): *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 436-37 (4th Cir. 2015). These circuits have held that "membership in an association does not render an association's members automatically liable for antitrust violations committed by the association." *Kendall*, 518 F.3d at 1048; *see also SD3*, 801 F.3d at 436-37 (refusing to "infer malfeasance" from defendants' membership in the same standard-setting organizations); *In re Insurance Brokerage Antitrust Litig.*, 618 F.3d at 349 (holding that "neither defendants' membership in [an association], nor their common adoption of the trade group's suggestions, plausibly suggest conspiracy"). Rather, in these circuits, a plaintiff must plausibly plead that a defendant participated in the alleged conspiracy "in an individual capacity." *Kendall*, 518 F.3d at 1048.

On the other end of the split, the D.C. Circuit holds that a plaintiff may plead a Section 1 conspiracy by alleging that defendants "*used*" a membership "association[] to adopt and enforce" an allegedly anticompetitive policy. *Osborn v.*

6

*Visa Inc.*, 797 F.3d 1057, 1067 (D.C. Cir. 2015). This Court's decision in this case aligns the Court with the D.C. Circuit's approach. Op. 4, 20, 25.

In *Visa,* the Supreme Court granted certiorari to resolve this very circuit split, but it was unable to do so because the petitioners' briefing no longer presented the question at the merits stage. *Visa Inc. v. Osborn*, 137 S. Ct. 289, 289-90 (2016). U.S. Soccer's petition for certiorari will therefore provide the Supreme Court with an opportunity to apply and clarify the principles articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Monsanto Co.* in the membership association context. As the four amicus briefs filed in support of the petitioners in *Visa* underscore, the answer to this question is exceptionally important. *Visa, Inc. v. Osborn*, SCOTUSblog, https://www.scotusblog.com/casefiles/cases/visa-inc-v-osborn/ (last visited May 11, 2023). Indeed, membership associations are commonplace across a variety of contexts and provide significant procompetitive benefits.

Accordingly, this case, at a minimum, presents a substantial question.

## II.    GOOD CAUSE EXISTS FOR A STAY

This case currently presents a threshold pleading question. In the event the Supreme Court grants certiorari and reverses this Court's decision, it likely would reinstate the district court's judgment dismissing this case. A timely petition for certiorari, which would be due August 7, 2023, likely would be disposed of by the

Supreme Court in October or November, depending on whether Relevent requests an extension of time to respond to the petition. A stay during that period would simply pause the case to give the Supreme Court an opportunity to consider whether to review this Court's decision. Conversely, if no stay is granted, the case would proceed on remand, requiring the parties, as well as possibly the district court, to dedicate substantial resources to this litigation. If the case were to proceed to discovery on remand, that discovery would be costly and potentially burdensome for the parties, as well as the district court in overseeing such discovery. There is good cause to stay issuance of the mandate until the Supreme Court acts on U.S. Soccer's petition for certiorari to prevent the parties and the district court from incurring the possibly unnecessary time and expense of pursuing further proceedings or discovery in this case.

## CONCLUSION

The motion to stay the mandate pending filing and disposition of a petition for certiorari should be granted.

Dated: May 12, 2023                                    Respectfully submitted,

                                                                    */s/ Gregory G. Garre*
Christopher S. Yates                                    Gregory G. Garre
Aaron T. Chiu                                               LATHAM & WATKINS LLP
Elizabeth H. Yandell                                     555 Eleventh Street, NW
LATHAM & WATKINS LLP                        Suite 1000
505 Montgomery Street                            Washington, DC 20004
San Francisco, CA 94111                           (202) 637-2207
(415) 391-0600


                                                                    Lawrence E. Buterman
                                                                    Samir Deger-Sen
                                                                    LATHAM & WATKINS LLP
                                                                    1271 Avenue of the Americas
                                                                    New York, NY 10020
                                                                    (212) 906-1200

*Counsel for Defendant-Appellee United States Soccer Federation, Inc.*

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

I hereby certify that this motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,872 words. The motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word 2016 with 14-point Times New Roman font.

Dated: May 12, 2023                                            */s/ Gregory G. Garre*
                                                               Gregory G. Garre