# 21-2088

## United States Court of Appeals for the Second Circuit

Relevent Sports, LLC,

*Plaintiff-Appellant*,

—v.—

United States Soccer Federation, Inc. and
Fédération Internationale de Football Association,

*Defendants-Appellees*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**PLAINTIFF-APPELLANT'S BRIEF IN OPPOSITION
TO MOTION TO STAY THE MANDATE**

Jeffrey L. Kessler
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700

*Counsel for Plaintiff-Appellant Relevent Sports, LLC*

# TABLE OF CONTENTS

                                                                            **Page**

PRELIMINARY STATEMENT ................................................................. 1

ARGUMENT ............................................................................................ 2

    I.     USSF identifies no risk of irreparable injury ......................... 2

    II.    USSF has not shown a reasonable probability that the Supreme Court will grant certiorari in this case. .................. 3

    III.   Even if certiorari were granted, reversal would be unlikely. .................................................................................. 5

CONCLUSION ......................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arizona v. Maricopa Cnty. Med. Soc'y,*
   457 U.S. 332 (1982) .................................................................................. 6

*Associated Press v. United States,*
   326 U.S. 1 (1945) ...................................................................................... 6

*Cal. Dental Ass'n v. FTC,*
   526 U.S. 756 (1999) .................................................................................. 6

*FTC v. Indiana Fed'n of Dentists,*
   476 U.S. 447 (1986) .................................................................................. 6

*Goldfarb v. Virginia State Bar,*
   421 U.S. 773 (1975) .................................................................................. 6

*Khulumani v. Barclay Nat'l Bank Ltd.,*
   509 F.3d 148 (2d Cir. 2007) ..................................................................... 1

*Nat'l Soc'y of Prof'l Eng'rs v. United States,*
   435 U.S. 679 (1978) .................................................................................. 6

*NCAA v. Alston,*
   141 S. Ct. 2141 (2021) ...................................................................... 2, 6, 7

*NCAA v. Bd. of Regents,*
   468 U.S. 85 (1984) .................................................................................... 6

*United States v. Silver,*
   954 F.3d 455 (2d Cir. 2020) .................................................................. 1, 5

*United States v. Topco Assocs.,*
   405 U.S. 596 (1972) .................................................................................. 6

*Visa Inc. v. Osborn,*
   137 S. Ct. 289 (2016) ................................................................................ 4

*Visa Inc. v. Osborn*,
  579 U.S. 940 (2016), 2016 WL 369962 ............................................. 2, 3

*Visa Inc. v. Osborn*,
  No. 15-961 (U.S. Sept. 1, 2016), 2016 WL 4578848 ............................. 4

**Other Authorities**

Fed. R. App. P. 41(d)(1) ........................................................................ 1

21 Moore's Federal Practice § 341.14[2] ................................................. 1

# PRELIMINARY STATEMENT

USSF's request to stay this Court's mandate should be denied. The standard for staying a mandate pending writ of certiorari is "stringent and extraordinary," *United States v. Silver*, 954 F.3d 455, 457 (2d Cir. 2020), and USSF fails to meet it. To prevail, USSF "must show that the petition would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(1). In determining whether this standard is satisfied, this Court applies a "stringent" three-part test requiring the movant to show: (1) a "reasonable probability" that the Supreme Court will grant certiorari; (2) a "fair prospect" that the Supreme Court will reverse the Panel's judgment; and (3) a likelihood that irreparable harm will result if the mandate is not stayed. *Silver*, 954 F.3d at 458, 460; *see also* 21 Moore's Federal Practice § 341.14[2]. And "[e]ven if the movant makes the required showing, [the Court's] decision to grant the stay is a matter of discretion." *Khulumani v. Barclay Nat'l Bank Ltd.*, 509 F.3d 148, 152 (2d Cir. 2007).

USSF cannot meet even one of these factors. To start, there is no scenario in which USSF would suffer irreparable harm if the mandate goes into effect and this case proceeds to discovery after more than three

1

years at the pleadings stage. Rather, granting a stay would inflict harm only on Relevent, which continues to suffer the ongoing harms of Defendants' antitrust violations. Moreover, USSF has little prospect of obtaining certiorari review, let alone winning a reversal of this Court's unanimous decision, which no Second Circuit judge voted to rehear. This case does not implicate any conflict of authority, whether akin to the one argued in *Visa Inc. v. Osborn* or otherwise. *Contra* Mot. at 1–2. The Panel's opinion instead represents a straightforward application of longstanding Supreme Court precedent analyzing concerted action by membership associations, including its recent unanimous decision in *NCAA v. Alston*, 141 S. Ct. 2141 (2021).

The Court should deny USSF's request and issue the mandate forthwith, consistent with the federal rules and ordinary practice.

## ARGUMENT

**I. USSF identifies no risk of irreparable injury.**

USSF's only claim of potential harm is that it may have to "dedicate substantial resources" to engage in discovery while its petition for certiorari is pending. Mot. at 7–8. That is hardly a dire consequence,

and USSF does not even bother trying to characterize it as "irreparable."[1]

Relevent, meanwhile, has been seeking injunctive relief against Defendants' ongoing antitrust conspiracy for more than three years and suffers additional irreparable injury by the day. There is simply no "good cause" for delaying discovery in this three-year-old case any longer.

## II. USSF has not shown a reasonable probability that the Supreme Court will grant certiorari in this case.

USSF has also failed to show that Supreme Court review is reasonably likely. Its argument on this point is demonstrably wrong, misstating both the Panel's decision and the history of *Visa Inc. v. Osborn* in the Supreme Court—a case that USSF claims presented a circuit split that the Panel's decision now implicates.

In *Osborn*, the petitioners obtained a writ of certiorari by arguing that the D.C. Circuit had allowed a plaintiff to plead an antitrust conspiracy based on "mere membership" in a banking association, when the Ninth Circuit had held otherwise in a similar case. *See* Petition for a Writ of Certiorari at 10–19, *Visa Inc. v. Osborn*, 579 U.S. 940 (2016) (No. 15-961), 2016 WL 369962. But the petitioners later changed their

---

[1] Relevent submits that any "unnecessary time and expense" spent on this case (Mot. at 8) is more aptly attributed to USSF's meritless stay motion and petition for certiorari, not remand.

3

argument and conceded that the claimed circuit split on "mere membership" did not exist. Brief for Petitioners at 23 & n.3, *Visa Inc. v. Osborn*, No. 15-961 (U.S. Sept. 1, 2016), 2016 WL 4578848 (conceding lack of conflict with Ninth Circuit). Based on the change in the petitioners' argument, the Supreme Court dismissed the writ as improvidently granted. *Visa Inc. v. Osborn*, 137 S. Ct. 289, 289–90 (2016). Inexplicably, USSF cites the *Osborn* cert petition as evidence of a circuit split, while neglecting to mention the petitioner's merits brief, which reversed position on the critical issue. *See* Mot. at 1–2, 5–7.

Nor does any such circuit split exist today. Like the D.C. Circuit in *Osborn* (and many cases in this Court, the Supreme Court, and elsewhere), the Panel here relied on far more than allegations of "mere membership" to find that a plaintiff had pleaded an antitrust agreement based on association rules. For example, the Panel's opinion quoted Relevent's allegations that USSF was directly involved—and in fact instigated—the anticompetitive market division agreement because it wanted to protect the monopoly position of its member, Major League Soccer. *See, e.g.*, Op. at 19, 23 n.8 (quoting allegations that USSF "participated in the FIFA Council's consideration and adoption of the

4

geographic market division agreement" and that "an official season game between La Liga teams in the U.S. would directly compete for fans and sponsors with the official season games of USSF-member MLS, which currently benefits from a monopoly position in the U.S. market"). And Relevent's Amended Complaint further details USSF's role in invoking the challenged FIFA market division policy in direct response to Relevent's efforts to host an official-season La Liga game in the United States. *See, e.g.*, App'x 522–23 (¶¶ 114–17). Accordingly, even if USSF's claim of a "mere membership" circuit split were correct, the facts alleged here—and specifically relied on by the Panel—place this case far outside any such split and thus make it an exceptionally poor candidate for certiorari.

**III. Even if certiorari were granted, reversal would be unlikely.**

To obtain a stay, USSF must demonstrate not only that the Supreme Court might grant certiorari, but also that there is a "fair prospect" of reversal. *Silver*, 954 F.3d at 458. No such prospect exists. Rather, this Court's decision represents a straightforward application of longstanding Supreme Court precedent. Case after case has treated anticompetitive association rules as "agreements" subject to Section 1

5

scrutiny. *See, e.g.*, *Alston*, 141 S. Ct. 2141 (NCAA rules prohibiting member conferences and schools from competing to provide education-related benefits for student-athletes); *Cal. Dental Ass'n v. FTC*, 526 U.S. 756 (1999) (rule restricting advertising by association members); *FTC v. Indiana Fed'n of Dentists*, 476 U.S. 447 (1986) (rule prohibiting members from giving insurers access to x-rays); *NCAA v. Bd. of Regents*, 468 U.S. 85 (1984) (rule restricting members' broadcast licensing rights); *Arizona v. Maricopa Cnty. Med. Soc'y*, 457 U.S. 332 (1982) (rule limiting member competition on prices); *Nat'l Soc'y of Prof'l Eng'rs v. United States*, 435 U.S. 679 (1978) (rule against competitive bidding by members); *Goldfarb v. Virginia State Bar*, 421 U.S. 773 (1975) (rule against fee schedules by bar members); *United States v. Topco Assocs.*, 405 U.S. 596, (1972) (bylaws of joint venture that allocated territories among members); *Associated Press v. United States*, 326 U.S. 1 (1945) (rule restricting admission to association's membership).

Indeed, the Supreme Court's recent decision in *Alston* demonstrates that all nine Justices agree that the rules of a sports association are subject to Section 1 scrutiny. That unanimous decision leaves no doubt that rules promulgated and enforced by a multi-tiered membership-

6

based sports association—particularly where they restrict the competitive behavior of association members—constitute concerted action subject to Section 1 review. *Alston*, 141 S. Ct. at 2155–60. FIFA's rules and policies, applied to restrict its members' competitive activities, are, for purposes of assessing concerted action under the Sherman Act, indistinguishable from the rules and policies held to be unlawful by the Supreme Court in *Alston*. The Panel's concerted-action holding thus derives squarely from consistent Supreme Court authority going back nearly eight decades and reaffirmed less than two years ago in *Alston*, rendering the prospect of reversal far short of "fair."

## CONCLUSION

USSF's Motion to Stay the Mandate should be denied.

Respectfully submitted,

**WINSTON & STRAWN LLP**

*/s/ Jeffrey L. Kessler*
Jeffrey L. Kessler
200 Park Avenue
New York, New York 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
jkessler@winston.com

Linda T. Coberly
35 W. Wacker Drive
Chicago, Illinois 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
lcoberly@winston.com

*Counsel for Plaintiff-Appellant Relevent Sports, LLC*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned counsel hereby certifies that this brief complies with the type-volume limitation of the Federal Rules of Appellate Procedure and this Court's Local Rules. As measured by the word processing system used to prepare this brief, there are 1,332 words in this brief.

*/s/ Jeffrey L. Kessler*
Jeffrey L. Kessler
